Nash, J.
 

 Our attention is confined by the bill of exceptions to the sufficiency
 
 of the record
 
 offered in evidence by the plaintiff. The defendant objected to its competency, on the ground that it was irregular and void. In what particulars it is alleged to be so, we are not informed. The plaintiff claimed to be a free woman ; and, in order to prove it, she introduced a copy of the record of Craven Comity: Court, setting forth the proceedings, under which she claims her freedom. The record sets forth a petition in the name of William Jessup, praying for liberty to emancipate certain slaves owned by him, for meritorious services, the order of the Court, that William Jessup have leave to emancipate the slaves mentioned, and the copy of the bond filed, as directed by.the act of 1796. Those proceedings were had in 1807. In
 
 Bryan and Wadsworth, 1
 
 Dev. and Bat. 388, the Court declares what, under the acts previous to 1807,
 
 *43
 
 should amount to an emancipation by the owner of a slave. These are the petition, setting forth the master’s wish,
 
 then
 
 to emancipate for meritorious services, the judgment of the Court, and the granting to the master liberty to emancipate. “ These, say the Court, “entered of record, make the liberation required by law. The slave is
 
 then
 
 freed by the master, under the license of the Court.” It was suggested, that an objection had been raised in the Court below to the regularity of the record, because the petition is not signed by William Jessup, but by his Attorney. That objection is answered by the case of
 
 Sampson
 
 v Burgwin, 3 Dev. and Bat. 28, in which it is declared by the Court, that the act of 1796 did not require a petition in writing. The one, however, set foith in the record is sufficient, if one were required. We think the record is neither irregular nor void, and that it was properly received in evidence.
 

 From 1807, the mother of the plaintiff and her descendents have been, in the community in which they live, considered and treated as free persons. After a period of thirty years, the defendant, without a pretence of right, as far as we are informed, seized upon the plaintiff and questions her right to freedom. ■ After so long an acquiescence by the public in her enjoyment of her freedom, every presumption is to be made in favor of her actual emancipation, especially against a trespasser and
 
 wrong-doer
 
 — Cully v
 
 Jones,
 
 9 Ire, 169.
 

 We observe, that the bond filed by William Jessup refers only to Sinah, one of the negroes mentioned in the petition, and the case states that the plaintiff is her descendent, born „ after the emancipation.
 

 There is no error in the judgment appealed from, which is accordingly affirmed.
 

 Per Curiam. Judgment affirmed.